```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           NEWNAN DIVISION


IN RE: DAVID HERMAN LANIER         {   CHAPTER 13
       VICKI BARNES LANIER         {
                                   {
           DEBTOR(S).              {   CASE NO. N06-10893WHD
                                   {
                                   {   JUDGE DRAKE
```

**OBJECTION TO CONFIRMATION**

COMES NOW ADAM M. GOODMAN, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1325(d).(73 months).

2. The Debtors' payments under the proposed plan are not current.

3. The Debtor(s) has failed to file an Employment Deduction Order.

4. The schedules provide that Georgia Department of Revenue has a secured or priority claim, however, the Chapter 13 Plan fails to provide for said creditor, in violation of 11 U.S.C. §§ 1322(a)(2) or 1325(a)(5).

5. The funding of post-petition mortgage installments have not been maintained in the above-styled Chapter 13 case (five mortgages total for three parcels of real property); thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

6.   In accordance with General Order No. 9 and the annexed Statement of Rights and Responsibilities, the Debtors' attorney should timely provide proof of Debtors' income, including $874.33 per month contribution from son and $8,027.43 per month net business income, to the Chapter 13 Trustee.  11 U.S.C. Sections 521(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

7.   Pursuant to information obtained at the meeting of creditors, the debt owed to First Georgia Banking Company of $51,856.63 for 2002 Harley Davidson Springer motorcycle was incurred within 910 days of filing.  The claim is improperly classified in the plan.  11 U.S.C. § 1325(a)(5).

8.   The Chapter 13 Petition and Schedules reflect a secured debt total of $938,529.91, thereby rendering the Debtors ineligible for Chapter 13 relief, pursuant to 11 U.S.C. Section 109(e).

9.   Pursuant to a Proof of Claim filed by the Internal Revenue Service, WT-FICA 3/31/05; 6/30/05; 12/31/05; 3/31/06; and 6/30/06, FUTA 12/31/03, and 2005 income tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's Plan and to dismiss the case.

July 12, 2006.

\_\_\_\_/s_____
Jill M. Zubler, Attorney
Chapter 13 Trustee
GA Bar No. 786286

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

N06-10893WHD

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR(S):

    DAVID HERMAN LANIER
    VICKI BARNES LANIER
    244 SALEM ROAD
    LAGRANGE, GA   30241

ATTORNEY FOR DEBTOR(S):

    WHATLEY, BAKER & BAKER, PC
    16 NORTH LAFAYETTE SQUARE
    LAGRANGE, GA   30240

the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 12th day of July, 2006.

    /s _____

Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444